UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
ABDUAL RAHIM FRAZIER,

        PLAINTIFF,

   -AGAINST-                                      **COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE GUTIERREZ
AND POLICE OFFICER ZERAFA,

        DEFENDANTS.
------------------------------------------------------------------------------x

      Plaintiff, Abdul Rahim Frazier, by his attorney, Robin C. Smith Esq. to this verified complaint alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2. On July 7, 2004, Plaintiff was falsely arrested and held by Defendants for an excessive period of time.

### JURISDICTION

3. Jurisdiction is conferred upon this court by 28 U.S.C. § 1343 (3) and (4), which provides for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983, which provides jurisdiction over all cases brought pursuant to the Constitution of the United States.

**PARTIES**

4. During all times relevant to this action, Plaintiff was and is a resident of Bronx County, City and State of New York, residing at 2675 Valentine Avenue Apt. 4C, Bronx, New York 10458.

5. During all times relevant to this action, Detective Gutierrez and Police Officer Zerafa were duly appointed and acting officers of the Police Department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

6. During all times relevant to this action, Defendant City of New York (hereinafter "City") is a municipal corporation incorporated pursuant to the laws of the City and State of New York and the public employer of Detective Gutierrez and Police Officer Zerafa.

7. At all times relevant to this action, Defendant City operates the New York City Police Department.

**FACTS**

8. On July 7, 2005, at approximately 10:30 p.m., without probable cause and without any legal right, Detective Gutierrez and Police Officer Zerafa, while acting within the scope of their authority, intentionally, wrongfully, unlawfully and maliciously arrested and held Plaintiff against his will while he was aware of the confinement for approximately five and one half months.

9. Upon information and belief, a robbery complainant identified Plaintiff during a canvass near 1789 Davidson Avenue on July 7, 2004, the robbery having allegedly occurred on July 4, 2004, involving two perpetrators.

10. On July 8, 2004, Plaintiff was placed in a line-up and the same complainant referenced in paragraph 9 did not identify Plaintiff.

11. On July 5, 2004, and July 6, 2004, the complainant identified two other individuals and positively identified those individuals in photo arrays.

12. On December 20, 2004, Plaintiff was released from custody and the charges that had been made against Plaintiff were dismissed.

13. As a result of the violation of his Constitutional Rights, Plaintiff suffers from economic and emotional injuries.

**FIRST CAUSE OF ACTION FOR FALSE ARREST AND UNLAWFUL IMPRISONMENT PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT CITY, POLICE OFFICER ZERAFA AND DETECTIVE CONTRERAS**

14. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 13.

15. Police Officer Zerafa and Detective Contreras had no probable cause, nor reasonable belief that probable cause existed to arrest Plaintiff and seize Plaintiff's person.

16. Police Officer Zerafa and Detective Contreras intentionally confined plaintiff for a period of approximately five and one-half months without Plaintiff's consent, while Plaintiff was conscious of the confinement, without the privilege, right or just cause.

17. Police Officer Zerafa and Detective Contreras in arresting and detaining Plaintiff without probable cause, nor reasonable belief that probable cause existed, abused their power and authority as an employee of the New York City Police Department and under the color of state and/or local law.

18. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City to fail to adequately supervise and train its police officers, including Police Officer Zerafa and Detective Contreras in a manner to discourage unlawful arrests, causing Police Officer Zerafa and Detective Contreras to arrest Plaintiff without probable cause nor reasonable belief that probable cause existed.

19. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City to fail to adequately supervise and train its police officers, including Police Officer Zerafa and Detective Contreras in a manner to discourage unlawful imprisonment, causing Police Officer Zerafa and Detective Contreras to unlawfully detain Plaintiff for approximately five and one-half months.

20. As a result of the above-described deliberate choices, policies and customs, police officers employed by Defendant City, including Police Officer Zerafa and Detective Contreras, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

21. The above-described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the Defendant City to the constitutional rights of persons residing within the City of New York, and were the cause of violations of Plaintiff's rights alleged herein.

22. By reason of their acts and omissions, Defendants Zerafa and Contreras, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of United States Constitution.

23. As a result of Defendants Zerafa, Contreras and City's conduct, Plaintiff suffered deprivation of liberty and privacy, has been adversely affected in employment and in ordinary life's pursuits and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which may be permanent and have caused diminution in the quality of Plaintiff's life.

24.   In addition, the acts of the Defendants were so egregious and reprehensible and were performed in a manner which so the violates law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendants should also be required to pay punitive damages to punish them for their reprehensible conduct and to deter them from such conduct in the future, and as an example to others similarly situated.

25. Plaintiff, therefore, pursuant to 42 U.S.C. § 1983, seeks compensatory damages in this cause of action for pain and suffering for the emotional harm inflicted to Plaintiff in the sum of Three Million ($3,000,000.00) Dollars and the additional and further sum of Two Million ($2,000,000.00) for punitive damages making a total of Five Million ($5,000,000.00) Dollars, as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

   WHEREFORE, judgment is demanded:

On Plaintiff's First Cause Of Action against Defendants City and Contreras for damages in the amount of Three Million ($3,000,000.00) Dollars and the additional and further sum of Two Million ($2,000,000.00) for punitive damages making a total of Five Million ($5,000,000.00) Dollars;

Together with reasonable counsel fees, the costs and disbursements of this action and such other, further and different relief as this Court may deem just and proper.

Dated: Brooklyn, New York
       June 30, 2005

                                                  _____
                                                  Robin C. Smith
                                                  Attorney for Plaintiff
                                                  44 Court Street, Suite 917
                                                  Brooklyn, New York 11201
                                                  (718) 403-9599

STATE OF NEW YORK
COUNTY OF KINGS

     Abdual Rahim Frazier being duly sworn does depose and say: He is the Plaintiff in the captioned action; has read the foregoing Complaint and knows its contents and, as to allegations supporting his claim the same is true to her knowledge except as to matters alleged on information and belief and as to those allegations he believes them to be true. The sources of information and bases for her belief include information in possession or under the custody and control of Defendants.

_____
Abdual Rahim Frazier